The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



OCTOBER 28, 2016

The Honorable Ramon E. Reyes
United States District Court for the Eastern District of New York Shira Siskind, Esq.

Re:   Anthony, et al. v. City of N.Y., et al., No. 15 Civ. 6364 (PKC) (RER)

Dear Judge Reyes:

     I represent Plaintiffs in the above-captioned Section 1983 litigation. Plaintiffs herein move to determine the sufficiency of Defendants' answer to Plaintiffs' September 1, 2016, request that Defendants admit one single fact. Fed. R. Civ. P. 36(a)(6). Plaintiffs contend that Defendants' answer is insufficient and respectfully requests that the Court either deem the matter admitted or order Defendants to serve an amended answer.

    **1. Plaintiffs' September 1, 2016, Request To Admit**

    On September 1, 2016, Plaintiffs served Defendants with a single request to admit, as follows:

> Admit that on the date of the incident, Sunday, January 27, 2013, Defendants stopped Plaintiffs' vehicle more than one-half hour after sunrise.

Exhibit 1. Plaintiffs requested that Defendants admit this fact because Plaintiffs believe that the record indisputably holds it to be true. For example, there is paper evidence in the record as follows:

1. The United States Naval Observatory Astronomical Applications Department reported that sunrise occurred at 7:10 a.m. on the date of the incident.

2. The National Oceanic and Atmospheric Admininistration, U.S. Department of Commerce, reported that sunrise occurred at 7:10 a.m. on the date of the incident.

3. Defendant Officer Lee testified under oath at deposition that one-half hour before sunrise on the date of the incident was 6:40 a.m.; that the weather was cold and clear; and that Defendants stopped Plaintiffs at 9:20 a.m. Exhibit 2 (Tr. 26, 93-94).

4. Defendant Officer Lee's Memo Book indicates that he had not even left the precinct yet as of 7:40 a.m. on the morning of the incident. Defendant Sergeant Lee's Memo Book states that he entered the patrol vehicle with Defendant Officer Lee at 8:00 a.m. on the morning of the incident.

5. The radio report from that day indicates that the incident occurred between 9:21 a.m. and 9:24 a.m.

6. Defendant Officer Lee's Memo Book states that he observed Plaintiffs' vehicle at 9:20 a.m. and that Mr. Anthony was arrested at 9:23 a.m.

7. Defendant Sergeant Lee's Memo Book states that Mr. Anthony was arrested at 9:23 a.m.

8. The Omniform Arrest Report listed 9:20 a.m. as the time of occurrence and 9:23 a.m. as the time of the arrest.

9. Defendant Officer Lee swore out a Criminal Complaint stating that the time of the offense was between 9:20 a.m. and 9:23 a.m.

10. The Command Log listed 9:30 a.m. as the time of arrest.

## 2. The Parties' Dispute Relating To The Request To Admit

Defendants answered that they would not admit that Defendants stopped Plaintiffs' vehicle more than one-half hour after sunrise. Defendants did not explain why they took this position. Instead, Defendants only stated that they would be willing to admit a _different_ fact. They then presented Plaintiffs with the precise fact that they would not mind admitting, which in sum and substance was that the arrest occurred at approximately 9:20 a.m. and that sunrise occurred at approximately 7:10 a.m. Plaintiffs declined Defendants' invitation to withdraw the request to admit as they originally drafted it.

## 3. FRCP 36

FRCP 36(a) provides that a party may serve on any other party a written request to admit "the truth of any matters within the scope of [FRCP] 26(b)(1)" relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a). The "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).

## 4. Defendants' Answer Is Insufficient And The Matter Should Be Deemed Admitted Or Defendants Should Serve And Amended Answer

As the Court may recall, Defendants in this case claim that they stopped Plaintiffs' vehicle for one of only two possible reasons. First, Defendants claim that they stopped Plaintiffs' vehicle because one of its front head lamps was broken in violation of N.Y. V.T.L. § 375-2A(1). Second, Defendants claim that they lawfully stopped Plaintiffs' vehicle because its damaged trunk caused Defendants to reasonably believe that the vehicle was stolen.

New York Vehicle and Traffic Law Section 375-2A(1) holds in relevant part that an individual driving on a public highway in New York must have "at least two lighted front head lamps . . . any time

from one-half hour after sunset to [one-half hour] before sunrise . . . and when visibility . . . was not clear." N.Y. V.T.L. § 375-2A(1).

Perhaps obviously, Plaintiffs' request to admit is "calculated to eliminate the necessity of proving facts that are not in substantial dispute and to narrow the scope of disputed issues," which is precisely the point of FRCP 36. See Freydl v. Meringolo, No. 09 Civ. 07196 (BSJ) (KNF), 2011 WL 2566079, at *2 (S.D.N.Y. June 16, 2011). That is because the request to admit asks Defendants to recognize that there is no genuine issue of material fact as to whether Plaintiffs could have violated New York Vehicle and Traffic Law Section 375-2A(1) when they encountered Defendants, even if they had a broken headlamp, in light of the fact that Defendants observed Plaintiffs for the first time at 9:20 a.m. on a day when the sun rose at 7:10 a.m.

In Erone Corp. v. Skouras Theatres Corp., 22 F.R.D. 494, 500 (S.D.N.Y. 1958), the Southern District held that "the mere fact that matters . . . are matters of public record will not be a valid ground for objection where answers to . . . interrogatories may be valuable as admissions on issues in the case." Here, the time of sunrise on the date of the incident—7:10 a.m.—is just the kind of "essentially undisputed and peripheral issue[] of fact" that FRCP 36 "was designed to address." Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910, 917 (2d Cir. 1959); see Erone, 22 F.R.D. at 500 (stating that "[w]here admissions are desired upon matters that will probably not be in dispute it is better to proceed by requesting admissions pursuant to [FRCP] 36"). Here, it is difficult to understand how Defendants could dispute the time the sun rose on the date of the incident. This is particularly true because FRCP 36 requires Defendants to make "reasonable inquiry" to find readily obtainable information before answering a request to admit. Fed. R. Civ. P. 36(a)(4); see Pope v. U.S., No. 13 Civ. 5194 (BLF), 2015 WL 1743462, at *4 (N.D. Calif. Apr. 16, 2015) (noting the plaintiff's admissions included one that it was raining on the date in question); Reminga v. U.S., 448 F. Supp. 445 (W.D. Mich. 1978) (alluding to weather conditions that were established at least in part through the plaintiffs' requests for admissions); see also Cutino v. Untch, 303 F.R.D. 413 (S.D.Fla. 2014) (stating that defendants' conclusory statement that they "have made reasonable inquiry and the information [they have] is insufficient to enable [them] to admit or deny" was procedurally insufficient); Han v. Food & Nutrition Serv. of U.S. Dep't of Agriculture, 580 F. Supp. 1564 (D.N.J. 1984) (stating that the plaintiff's response that he had insufficient information to admit or deny was inadequate because it failed to allege and specify the reasonable inquiry undertaken).

In the event that Defendants can no longer rest on their claim that a broken head lamp provided a justification for the stop, this will allow the jury to exclusively consider Defendants' other reason for stopping the vehicle, which was that the broken trunk reasonably caused them to believe that Plaintiffs may have stolen the car.[1]

---

[1] Interestingly, Defendant Sergeant Lee—who was personally involved in the stop and who was also supervising Defendant Officer Lee's performance of the stop—testified at his deposition that he "of course" agreed that a vehicle's broken rear window cannot support reasonable suspicion of car theft. Exhibit 3 (Tr. 79) (but stating that a broken trunk is different). Furthermore, Defendants' claim that they stopped the vehicle because they believed that Plaintiffs stole it is undermined by the fact that they never ran a NYSPIN check on the vehicle themselves or asked an operator to do it for them. Defendants argue that NYSPIN was unnecessary because they satisfied themselves that the vehicle was not stolen by verifying that the vehicle was registered to Ms. Calderon's mother by checking Ms. Calderon's

### 5. **Conclusion**

In light of the foregoing, Plaintiffs respectfully request that the Court find Defendants' answer to the request to admit insufficient. In the event that the Court so finds, Plaintiffs ask that the Court deem the fact admitted or order Defendants to serve an amended answer.

Thank you,

*Ryan Lozar*

---

identification against the person's name on the vehicle's insurance and registration. Those documents—also in the record—were registered to Esther Cornielle.