The Law Office of Ryan Lozar, P.C.
305 Broadway, 10th Floor, New York, NY 10007
Tel: (310) 867-1562; Alternate Tel: (646) 666-8262; Fax (877) 666-4456
ryanlozar@gmail.com
www.ryanlozar.com/www.luchaportusderechos.com



JANUARY 20, 2017

The Honorable Ramon E. Reyes
United States District Court for the Eastern District of New York

Re:   <u>Anthony, et al. v. City of N.Y., et al.</u>, No. 15 Civ. 6364 (PKC) (RER)

Dear Judge Reyes:

The Parties have a conference with the Court on January 24, 2017, at 4pm. Earlier today I filed the Parties' Joint Proposed Schedule for the balance of discovery and pre-motion conference letters.

I write now to provide a status report in Section I of this letter, and to move to compel Defendants' production of two categories of records in Section II. Defense counsel and I have conferred about these matters at length.

## I.    The Balance Of Discovery.

The remaining discovery is summarized in the following handful of bullets. It is my understanding that these categories of records are not disputed, but Defendants may clarify that point in a separate filing or during the conference if I have that wrong.

- The identities of and memo books for the NYPD Officers called to the scene to remove Arion Anthony to the precinct in a cage car (roll calls and/or vehicle assignment sheets will permit easy identification of which officers were assigned to the  sector that responded).

- NYSPIN stolen-vehicle query records, to the extent available (if they are not, earlier this month, Plaintiffs served Defendants with a request for admission that they did not perform a NYSPIN stolen-vehicle query).

- Select Defendant disciplinary records which Plaintiff's Counsel identified by BATES number over the course of many hours of file review in a Corporation Counsel conference room. As a result of that review, I provided Defendants

with a comprehensive list of requested BATES numbers. Many have been produced, but a limited batch remain outstanding and I have provided a deficiency letter to Defendants.

- IAB audio files of interviews conducted with the Parties to this case.

- The file and corresponding audio material for IAB Log No. 13-6197, which was spun off certain IAB allegations relating to this case into a second investigation for handling on a different timeline from the IAB's first investigation into this incident.

- The balance of a CCRB memo regarding its recommendations relating to findings in the instant case;.

- Records reflecting actions taken in response to CCRB's recommendations arising from its findings in the instant case.

- A glossary of NYPD radio signals to aid in the interpretation of SPRINT reports and memo books.

- Select Defendant performance evaluations as identified by the Parties in informal conference between them.

II. **Plaintiffs' Two Motions To Compel.**

    a. **Certificates Of Disposition**

In this case, one of the Defendants appears to have "badged out" of two criminal prosecutions. As a preliminary matter, Plaintiffs find this individual's seeming willingness to solicit exemption from the law's application, or to ask others to solicit such a benefit on his behalf, to be relevant to his credibility here, where Plaintiffs allege that he did not properly apply standards as to them.

Prompted by their consideration of these "close calls," Plaintiffs have requested information about any actual criminal convictions that Defendants may have.

Defendants dispute the relevance of such discovery.  Plaintiffs contend most simply that they are entitled to it for possible use pursuant to FRE 609.  In this case, it should be noted that Defendants asked to see Plaintiffs' full criminal history, presumably for the same purpose, and Plaintiffs gave them access.

### b.  A Blank UF-250

Next, Plaintiffs have also requested, and Defendants dispute that they must produce, a blank UF250.  UF250 forms are forms that the City requires its Officers to complete for every vehicle and/or individual stop and search such as the one that occurred in the present case.  In the CCRB file corresponding to this case, CCRB investigators expressed great surprise that the Defendant Officers had not generated this extremely common record or a related log.  DEF172 (responding "Neither?!" to the discovery that Defendants failed to complete these records).

Plaintiffs argue that Defendants' failure to complete this fundamental departmental record relating to the stop, which is designed to document the purported justification for the stop close in time to when the stop occurred, reflects poorly upon Defendants' credibility when they now want to claim before a jury that they properly and reasonably handled the stop.  <u>See, e.g.</u>, DEF1972 (indicating what the UF250 run report looks like); DEF178 (the CCRB's comment on the absence of UF250 for the incident demonstrates the agency's upset about Defendants' failure to produce).  However, in order for Plaintiffs to properly argue the significance of Defendants' recordkeeping failure, Plaintiffs need to know the various fields that are present on a standard UF250.

Thank you,

*Ryan Lozar*

Ryan Lozar